May 12, 2009

The Honorable Joseph D. Brown
Grayson County Criminal District Attorney
Grayson County Justice Center, Suite 116A
Sherman, Texas 75090

Opinion No. GA-0715

Re: Whether members of a county juvenile board may participate in the county's group health insurance program (RQ-0766-GA)

Dear Mr. Brown:

Section 157.002 of the Local Government Code provides, in relevant part, that a "commissioners court by rule may provide for medical care and hospitalization and may provide for compensation, accident, hospital, and disability insurance for" various persons, including "county and district officers," "if their salaries are paid from the funds of the county." TEX. LOC. GOV'T CODE ANN. § 157.002(a)(2) (Vernon 2008). You ask whether juvenile board members who are paid a yearly supplemental income may be provided county medical insurance pursuant to section 157.002.[1] If yes, you then ask whether a commissioners court can prevent county funds contributed to the juvenile board budget from being used to purchase county medical insurance for board members. Request Letter at 1.

Your questions relate to the Juvenile Board of Grayson County (the "Board"), which is established by section 152.0971 of the Human Resources Code. TEX. HUM. RES. CODE ANN. § 152.0971 (Vernon 2001). The Board consists of the county judge and the district judges in Grayson County (the "County"). Id. § 152.0971(a). You explain that the Grayson County Commissioners Court (the "Commissioners Court") has, for the past twenty years, chosen to pay a salary supplement for service on the Board. See Request Letter at 1. You also explain that Board members have "been covered under the County's group health policy for approximately the past [twenty] years" and for the district judges, "this has provided a second health insurance policy, in addition to the medical insurance provided by the State of Texas." Id.

In the absence of any case law to the contrary, we agree with a previous attorney general opinion that concludes "section 157.002(a) authorizes a county to provide medical coverage for a district officer who receives a salary from county funds, even a supplemental salary." Tex. Att'y Gen. Op. No. DM-337 (1995) at 4–5. We assume, as you do, that "county and district officers" include district judges. Request Letter at 4. You contend, however, that while section 157.002

---

[1]See Request Letter at 1–2 (available at http://www.texasattorneygeneral.gov).

allows the County to provide insurance "on the basis of [an] individual's status as a district officer" it does not allow the provision of insurance "based on their status as a member of the Juvenile Board." *Id.* We find the suggested distinction unpersuasive. Service on a juvenile board is an additional duty imposed on district judges in certain counties and that duty is "coterminous [with that of judge] in that the district judge ceases to sit as a member of the juvenile board when his term of office expires." *Jones v. Alexander*, 59 S.W.2d 1080, 1082 (Tex. 1933) (holding that a district judge does not, by being a member of the juvenile board, violate the constitution's dual office-holding prohibition); *see* TEX. HUM. RES. CODE ANN. § 152.0971(a) (Vernon 2001). Thus, service on a juvenile board grows out of the office of a district judge. *Cf.* Tex. Att'y Gen. Op. No. JM-1140 (1990) at 3 (explaining that, historically, the payment to judges for service on the juvenile board has been considered salary for service rendered as a judge and has come within the limitations imposed upon the salary allowed a judge).

Section 157.002(a) expressly provides that a commissioners court has discretion to provide, by rule, county medical insurance for eligible individuals. TEX. LOC. GOV'T CODE ANN. § 157.002(a) (Vernon 2008). While the Commissioners Court may not direct the Board to utilize its budgeted funds in a specific way, the Commissioners Court may amend any standing rule to discontinue Board members' eligibility for County medical insurance coverage. *See id.*; Tex. Att'y Gen. Op. Nos. JC-0414 (2001) at 2 (concluding that under section 157.002, among other statutes, a commissioners court was not required to provide health insurance coverage to county officers such as a constable); DM-337 (1995) at 5 (explaining that whether the county provides medical insurance for judges "is a matter wholly within the discretion of the county commissioners court").

Moreover, Human Resources Code section 152.0971 expressly authorizes the Commissioners Court to set the amount of compensation Board members receive for service on the Board. TEX. HUM. RES. CODE ANN. § 152.0971(c) (Vernon 2001). Previous opinions of this office have explained that the term "compensation" includes benefits, such as insurance, provided to officers and employees.[2] *See* Tex. Att'y Gen. Op. Nos. GA-0449 (2006) at 2, GA-0130 (2003) at 2 (citing *Friedman v. Am. Sur. Co.*, 151 S.W.2d 570, 578 (Tex. 1941)); *see also* Tex. Att'y Gen. Op. No. DM-103 (1992) at 2 (concluding that a juvenile board could not increase its salary where the commissioners court had express authority to set the salary of the board). Thus, section 152.0971 also permits the Commissioners Court to discontinue a Board member's eligibility for county medical insurance coverage.

---

[2]Section 152.0971 does not define the term "compensation." *See* TEX. HUM. RES. CODE ANN. § 152.0971 (Vernon 2001). This is in contrast to the statutory scheme of at least one juvenile board, which expressly addresses whether the term "salary" includes health insurance. *See id.* § 152.2561(j) ("For purposes of this subsection, 'salary' means only the fixed compensation paid to an employee and does not include health insurance, allowances, or any other benefit.").

# S U M M A R Y

A district judge serving as a juvenile board member and who is paid a supplemental income by the county for service on the board may be provided county medical insurance pursuant to Local Government Code section 157.002. A commissioners court, however, has discretion to discontinue, by rule, coverage for board members. Moreover, the Grayson County Commissioners Court has authority to determine whether members of the Juvenile Board of Grayson County are provided medical insurance because of the Commissioners Court's express authority to set the compensation of Board members.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee